**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **Criminal Number: 3:14CR1-JAG** |
| | ) | |
| MICHAEL HOLDER, | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**DEFENDANT'S MOTION TO CONTINUE SUPERVISED RELEASE REVOCATION**
**HEARING**

Mr. Holder requests that the Court continue the supervised release revocation hearing currently scheduled for April 13, 2026, in order for Mr. Holder to be served with the warrants pending in Hanover County and produced in Hanover County General District Court and appointed counsel if he has not retained counsel. The warrants form the basis for the mandatory condition violation alleged in ECF No. 55, and are intertwined with the other allegations.

**Background**

The petition and addendum in this case allege a set of violations of supervised release surrounding Mr. Holder's alleged use of an unmonitored device to access social media accounts. ECF Nos. 43, 55. The non-criminal violations allege that Mr. Holder failed to report to probation certain social media accounts that he had reported to Virginia State Police as part of his registration requirement; that he failed to complete treatment, and that he used an unmonitored device to access social media accounts, ECF No.43; and that he had used another unmonitored device, and falsely told the probation officer no firearms were in the home, when one was in a drawer in his brother's room. ECF No. 55. The most serious violation is based on seven felony counts of registration violations in Hanover County. ECF No. 55 (first allegation). All of the violations appear to be

1

causally connected:  the mandatory treatment, polygraph, and monitoring led to alleged admissions of the use of unmonitored devices, which led to the warrantless probation search, which led to the balance of the allegations and to the charges currently pending in Hanover County.  ECF No. 55 (narrative).

The probation officer has confirmed that the device seized during the search of Mr. Holder's home was submitted for forensic analysis and does not contain any CSAM.  Therefore the current charges in Hanover and the pending petition to revoke supervised release appear to be the only matters that will have to be resolved.  The order of those cases is the subject of this motion.

**Catch-22**

Counsel has been provided the face sheets of the warrants from Hanover, which repeat the statutory language of Va. Code 18.2-472.1, but provide no narrative or detail as to the particular facts underlying the charge.  As alleged, they are Class 6 felonies.  Without further information, it would not be consistent with the Rules of Professional Conduct or Mr. Holder's right to counsel, and his right against self-incrimination on the pending Hanover charge, to advise any admissions to the allegations in the petition or addendum without knowing what the potential consequences would be, and how those admissions might be used in the pending prosecution.  Even admissions to non-criminal acts can be protected by the Fifth Amendment if they "furnish a link in the chain of evidence needed to prosecute," *Hoffman v. United States*, 341 U.S. 479, 486 (1951), and the only way to know whether an admission will supply that link is to see the chain.

Mr. Holder has not appeared in Hanover on the warrants, and has not been assigned counsel or provided discovery relating to the charge.  The warrants have, counsel is informed, been filed as detainers on Mr. Holder.  It appears that Mr. Holder's family may be retaining counsel on the Hanover counts; but if that does not happen he would be entitled to appointment of counsel, who

could advise Mr. Holder about the evidence against him and the consequences of entering any admission to the conduct alleged in the petition. Therefore it appears the most efficient course, and one which provides Mr. Holder with the proper access to the information he and the undersigned need to make a voluntary and intelligent decision on how to proceed, is to have Mr. Holder produced in Hanover General District Court to obtain counsel in that case.

The government has indicated that it can facilitate Mr. Holder's production in custody in Hanover on a writ, but cannot do so while the current hearing is pending. Therefore, Mr. Holder moves the Court to continue the supervised release hearing set for Monday April 13, 2026. Counsel proposes setting a deadline to inform the court about the status of the Hanover charges when Mr. Holder is produced there.

Respectfully Submitted,
Michael Holder.

By: _____/s/_____
Counsel
Joseph S. Camden
Va. Bar No. 92143
Assistant Federal Public Defender
Office of the Federal Public Defender
701 E. Broad St., Ste. 3600
Richmond, VA 23219
(804) 565-0830
Fax (804) 648-5033
joseph_camden@fd.org

3